UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEBRA ARTT, BRADLEY HUGHES,
ADAM ISRAEL, STEPHEN RANIERO,
SOPHIA ROGERS, SHANE SAVAGE
and SCOTT GAYNE,

    Plaintiffs,

v.                                      Case No:   6:14-cv-956-Orl-40TBS

ORANGE LAKE COUNTRY CLUB
REALTY, INC.,

    Defendant.

## ORDER

This Fair Labor Standards Act case is before the Court on Defendant Orange Lake Country Club Realty, Inc.'s Motion to Compel Production of Documents (Doc. 36). Plaintiffs are former sales representatives who sold vacation ownership opportunities for Defendant (Id., ¶ 1). They seek damages for alleged uncompensated off-the-clock work (Doc.22-1). After the motion to compel was filed, the parties tentatively settled all claims except those of Plaintiff Debra Artt[1] (Doc. 37). Accordingly, this Order is limited to the motion to compel production from Artt. If necessary, at the request of the parties, the Court is prepared to revisit the motion as it relates to the other Plaintiffs.

Federal Rule of Civil Procedure 26(b) provides for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense …." "The Courts have long held that relevance for discovery purposes is much broader than relevance for

---

[1] The settlements are contingent upon Court approval of to-be-filed settlement documents (Doc. 38 n. 1).

trial purposes." Dunkin' Donuts, Inc. v. Mary's Donuts, Inc., No. 01-0393, 2001 WL 34079319, at *2 (S.D.Fla. Nov. 1, 2001). "Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the subject matter of the action." Id. The Eleventh Circuit has remarked that the Federal Rules "strongly favor full discovery whenever possible." Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985).

Requests for discovery must be tailored so that they "appear[] reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1). "Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [social media] account." Tompkins v. Detroit Metro. Airport, 278 F.R.D. 387, 388 (E.D.Mich. 2012).

Rule 26 also requires that discovery be proportional to the needs of the case. When a person signs a discovery request she/he is certifying "that to the best of the person's knowledge, information, and belief formed after reasonable inquiry" the discovery request is "neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the litigation." FED.R.CIV.P. 26(g)(1)(B)(iii).

This dispute concerns information on social networking sites. "Generally, [social networking site] content is neither privileged nor protected by any right of privacy." Davenport v. State Farm Mutual Auto. Ins. Co., No. 3:11-cv-632-J-JBT, 2012 WL 555759, at *1 (M.D.Fla. Feb. 21, 2012).

Defendant is asking the Court to overrule Artt's objections and compel production of the information sought in the following requests:

>     1. All online profiles, postings, messages (including, without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams, and blog entries), photographs, videos, and online communications that you posted on any date between June 19, 2011 and your last day of employment with Orange Lake.
>
>     2. Any and all information contained in your Facebook, MySpace, Instagram, LinkedIn or other social networking account that you posted at any time between 7:00 am and 7:00 pm on any date between June 19, 2011 and your last day of employment with Orange Lake.

Defendant does not seek this information to establish that Artt was engaging in non-work related activities while on the job, or to prove a violation of a workplace policy (Doc. 36 at 7). Instead, Defendant argues that the information is relevant and critical because Artt claims to have worked an average of 15 to 20 hours of overtime per week off-the-clock, but she does not have documents to establish the exact number of hours she is claiming[2] (Doc. 36 at 6). Defendant posits that Artt's social media is relevant to show when she was engaging in non-work related activities outside the workplace and, if any of Artt's social media accounts logged the location from which she posted, that information may also show whether Artt was working on a particular day and time (Id., at 7). Defendant argues that its requests are reasonable because it has only asked for social media generated during the hours Artt claims to have worked off-the-clock, the time

---

[2] If the employer has not kept adequate time records, then the employee may satisfy his burden of proof by showing that "(1) he properly performed the work for which he was improperly compensated and (2) he produces sufficient evidence to show the amount and extent of the work he performed as a matter of just and reasonable inference." Jones v. Carswell Property Maintenance, Inc., No. 09-22027-civ-Goodman, 2012 U.S. Dist. LEXIS 6042, at *6 (S.D.Fla. Jan. 19, 2012) (citing Anderson v. Mt. Clemens Pottery Cop., 328 U.S. 680, 687-88, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946), *superseded by statute on other grounds as stated in* Sandifer v. U.S. Steel Corp., 568 U.S. ___, 134 S.Ct. 870, 875, 187 L.Ed.2d 729 (2014)). Artt has testified that Defendant's time records are not accurate (Doc. 38 at 4, n. 8). This is sufficient to shift the burden of proof to Defendant. Allen v. Board of Public Educ. For Bibb Cnty., 495 F.3d 1306, 1316 (11th Cir. 2007). The Court surmises that the discovery Defendant seeks is intended to "bring forth either evidence of the precise amount of work performed or evidence to negate the reasonableness of the inference to be drawn from [Artt's] evidence." Id.

frame is limited to the 3 year statute of limitations period for FLSA claims, and Defendant has provided instructions on how to easily obtain the requested information from Facebook (Id., at 8-9).

Defendant's representation that Artt claims to have worked an average of 15 to 20 hours per week off-the-clock does not appear to be true.   Artt represents that months before the motion to compel was filed, she produced her overtime calculations (Doc. 38 at 8).   Those calculations show that Artt is only seeking overtime for days on which she clocked in and out during a workday (Id.).   This eliminates more than 69 weeks during which she was employed by Defendant[3] (Id., 8-9).   Artt's damage calculations also show that Defendant's requests are not focused or tailored to the needs of this controversy.

The parties have not informed the Court of the extent to which Artt uses social media, or the extent to which other discovery has addressed the information sought in Defendant's requests.   Still, given the nature of the case, the Court finds that Defendant's request for every online profile, post, message, tweet, reply, retweet, status update, wall comment, group joined, activity stream, blog entry, photograph, video, online communication, and all other information contained in Artt's Facebook, MySpace, Instagram, LinkedIn or other social networking accounts that she posted at any time between 7:00 am and 7:00 pm on any date between June 19, 2011 and her last day of employment with Defendant is on its face, overbroad, unduly burdensome, and unreasonable.   Devries v. Morgan Stanley & Co. LLC, 2015 U.S. Dist. LEXIS 27293, at *15-19 (S.D.Fla. Mar. 2, 2015); Palma v. Metro PCS Wireless, Inc., No. 8:13-cv-698-T-33MAP, 18 F.Supp.3d 1346, 1347-48 (M.D.Fla. April 29, 2014); Davenport v. State Farm

---

[3] In addition to 30 separate, identified weeks for which Artt does not claim overtime, she admits she was out on leave and not working at all during the period April 7, 2013 through her termination in January 2014 (Doc. 38 at 8-9).

- 4 -

Mutual Auto. Ins. Co., No. 3:11-cv-632-J-JBT, 2012 WL 555759, at *2 (M.D.Fla. Feb. 21, 2012) (Defendant "does not have a generalized right to rummage at will through information that Plaintiff has limited from public view.").

For these reasons, Defendant's motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 17, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record