UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEBRA ARTT, BRADLEY HUGHES,
ADAM ISRAEL, STEPHEN RANIERO,
SOPHIA ROGERS, SHANE SAVAGE
and SCOTT GAYNE,

       Plaintiffs,

v.                                     Case No:   6:14-cv-956-Orl-40TBS

ORANGE LAKE COUNTRY CLUB
REALTY, INC.,

       Defendant.

_____

## REPORT AND RECOMMENDATION

      Pending before the Court is the parties' Joint Motion for Settlement Approval and to Dismiss Case with Prejudice. (Doc 43).   The parties request the Court's approval of their proposed settlements of Plaintiffs' Fair Labor Standards Act ("FLSA") claims and an order of dismissal.   I have examined the motion, the Settlement Agreements (Docs. 43-1 through 43-8), and relevant case law.   For the reasons that follow, I respectfully recommend that the motion be **granted** and the case dismissed.

### I.  Background

      Plaintiffs, Debra Artt, Bradley Hughes, Adam Israel, Stephen Raniero, Sophia Rogers, Shane Savage, and Scott Gayne, brought this suit against Defendant, Orange Lake Country Club Realty, Inc., alleging that Defendant failed to pay them overtime compensation in violation of the FLSA (Doc. 1).   On August 11, 2014, Plaintiffs filed a

notice of consent on behalf of "Nic Pineda"[1] to become a party Plaintiff pursuant to 29 U.S.C. §216(b) (Docs. 21, 21-1).

Plaintiffs filed an amended complaint on July 24, 2014, alleging that they worked as sales representatives for Defendant which is engaged in the business of selling timeshare properties in its resorts and properties located in Florida and other states (Doc. 14, ¶ 26, 28).   As sales representatives for Defendant, Plaintiffs were responsible for facilitating sales of Defendant's timeshares (Id., ¶ 29).   They allege that they typically performed the following duties: participate in morning sales meetings, draft paperwork for sales, deliver paperwork to Defendant's closing office, escort buyers to and from Defendant's closing officer's office, conduct tours of properties for prospective buyers, and participate occasionally in evening sales meetings (Id., ¶ 30).   Plaintiffs were paid on a commission basis with all draws and advances deducted from commissions (Id., ¶ 32). Plaintiffs were required to use a time clock to record their time and allege that Defendant established a mandatory 1:30 p.m. clock out time for its sales representatives (Id., ¶¶ 34-35).   Plaintiffs further allege that, as a matter of practice, Defendant required Plaintiffs to perform work off the clock and that typically Plaintiffs would work more time then reflected by the time clock entries (Id., ¶¶ 36-37).   By way of example, Plaintiffs were required to attend bi-weekly sales meetings that began at 7:15 a.m., but they were not able to clock in until after the meeting finished (Id., ¶¶ 38-40).   Plaintiffs aver that their responsibilities included conducting tours (which last two to six hours) of Defendant's properties with prospective buyers and that Plaintiffs were required to complete a tour even if it meant running past the mandatory 1:30 p.m. clock out time (Id., ¶¶ 41-44).   In such

---

[1]   Copies of the settlement agreements with each of the respective Plaintiffs are attached to the instant motion, including one agreement on behalf of "Dominique Pineda."   See (Doc. 43-8).

circumstances, Plaintiffs allege they would not be paid for their time after 1:30 p.m. (<u>Id.</u>, ¶ 45).   The work performed off the clock by Plaintiffs resulted in their not being compensated for overtime hours (<u>Id.</u>, ¶ 47).   Plaintiffs estimate they worked ten to twenty hours over the forty-hour workweek during for which Defendant refused to pay them (<u>Id.</u>, ¶¶ 48, 62).   Defendant admits it employed Plaintiffs, but denies their allegations of wrongdoing (Doc. 17).   On September 30, 2015, the parties advised the Court that they had reached an agreement to resolve their disputes (Doc. 43).

## II.  Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways.   First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.   29 U.S.C. § 216(c); <u>Lynn's Food Stores, Inc. v. U.S.</u>, 679 F.2d 1350, 1353 (11th Cir. 1982).   Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement.   <u>Lynn's Food Stores, Inc.</u>, 679 F.2d at 1353.

Before approving a settlement, the district court must scrutinize the settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.   <u>Id.</u> at 1354-55.   If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation."   <u>Id.</u> at 1354.   The nature of this lawsuit prompts the district court's review of the settlement agreements rather than an examination conducted by the Secretary of Labor.   My assessment of fairness is guided by prevailing case law in this Circuit, including <u>Dees v.</u>

Hydradry, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

### A. Settlement Sum

Defendant has agreed to pay Plaintiff Debra Artt, and she has agreed to accept a gross amount of 17,342.73 for unpaid overtime compensation and an additional $17,342.73 representing liquidated damages (Docs. 43 at 4, 43-1 at 3).   In her answers to the Court's interrogatories, Artt estimates she worked in excess of twenty hours of overtime per week for which she was not compensated (Doc. 22-1 at 1).   She was employed with Defendant for approximately six years at a regular rate of ten dollars per hour (Id.).   On Artt's claim, Defendant agreed to pay attorney's fees in the amount of $28,000.00 and costs in the amount of $6,314.54 (Docs. 43 at 6, 43-1 at 3).

Defendant has agreed to pay and Plaintiff Bradley Hughes has agreed to accept a gross amount of $1,325.00 for unpaid overtime compensation and an additional $1,325.00 representing liquidated damages (Docs. 43 at 4, 43-2 at 3).   In his answers to the Court's interrogatories, Hughes estimates he worked in excess of twenty hours of overtime per week for which he was not compensated (Doc. 22-1 at 4).   He was employed with Defendant for approximately three years at a regular rate of $10.50 per hour (Id.).   On Hughes' claim, Defendant agreed to pay attorney's fees in the amount of $2,100.00 and costs in the amount of $250.00 (Docs. 43 at 7, 43-2 at 3).

Defendant has agreed to pay and Plaintiff Adam Israel has agreed to accept a gross amount of $7,125.00 for unpaid overtime compensation and an additional $7,125.00 representing liquidated damages (Docs. 43 at 4-5, 43-3 at 3).   In his answers to the Court's interrogatories, Israel estimates he worked approximately twenty hours of overtime per week for which he was not compensated (Doc. 22-1 at 8).   He was

employed with Defendant for approximately five years at a regular rate of ten dollars per hour (Id. at 7).   On Israel's claim, Defendant agreed to pay attorney's fees in the amount of $10,000.00 and costs in the amount of $250.00 (Docs. 43 at 7, 43-3 at 3).

Defendant has agreed to pay and Plaintiff Stephen Raniero has agreed to accept a gross amount of $3,433.50 for unpaid overtime compensation and an additional $3,433.50 representing liquidated damages (Docs. 43 at 5, 43-4 at 3).   In his answers to the Court's interrogatories, Raniero estimates he worked in excess of twenty hours of overtime per week for which he was not compensated (Doc. 22-1 at 11).   He was employed with Defendant for approximately one year at a regular rate of $10.50 per hour (Id.).   On Raniero's claim, Defendant agreed to pay attorney's fees in the amount of $3,840.00 and costs in the amount of $250.00 (Docs. 43 at 7, 43-4 at 3).

Defendant has agreed to pay and Plaintiff Sophia Rogers has agreed to accept a gross amount of $395.00 for unpaid overtime compensation and an additional $395.00 representing liquidated damages (Docs. 43 at 5, 43-5 at 3).   In her answers to the Court's interrogatories, Rogers estimates she worked in excess of twenty hours of overtime per week for which she was not compensated (Doc. 22-1 at 13).     She was employed with Defendant for approximately three months at a regular rate of ten dollars per hour (Id.).   On Rogers' claim, Defendant agreed to pay attorney's fees in the amount of $760.00 and costs in the amount of $250.00 (Docs. 43 at 7, 43-5 at 3).

Defendant has agreed to pay and Plaintiff Shane Savage has agreed to accept a gross amount of $3,275.00 for unpaid overtime compensation and an additional $3,275.00 representing liquidated damages (Docs. 43 at 5-6; Doc. 43-6 at 3).   In his answers to the Court's interrogatories, Savage estimates he worked approximately twenty hours of overtime per week for which he was not compensated (Doc. 22-1 at 15).   He

was employed with Defendant for approximately one and one-half years at a regular rate of ten dollars per hour (Id.).   On Savage's claim, Defendant agreed to pay attorney's fees in the amount of $2,600.00 and costs in the amount of $250.00 (Docs. 43 7, 43-6 at 3).

Defendant has agreed to pay and Plaintiff Scott Gayne has agreed to accept a gross amount of $2,487.50 for unpaid overtime compensation and an additional $2,487.50 representing liquidated damages (Docs. 43 at 6, 43-7 at 3).   In his answers to the Court's interrogatories, Gayne estimates he worked in excess of twenty hours of overtime per week for which he was not compensated (Doc. 22-1 at 19).   He was employed with Defendant for approximately one and one-half years at a regular rate of ten dollars per hour (Id.).   On Gayne's claim, Defendant agreed to pay attorney's fees in the amount of $3,400.00 and costs in the amount of $250.00 (Docs. 43 at 7, 43-7 at 3).

Defendant has agreed to pay and Plaintiff Nic Pineda has agreed to accept a gross amount of $3,500.00 for unpaid overtime compensation and an additional $3,500.00 representing liquidated damages (Docs. 43 at 6, 43-8 at 3).   In her answers to the Court's interrogatories, Pineda estimates she worked twenty hours of overtime per week for which she was not compensated (Doc. 22-1 at 22).   She was employed with Defendant for approximately sixteen and one-half years at a regular rate of ten dollars per hour (Id.).   On Pineda's claim, Defendant agreed to pay attorney's fees in the amount of $5,000.00 and costs in the amount of $250.00 (Docs. 43 at 7, 43-8 at 3).

Before agreeing to settle, the parties determined that there are disputes regarding whether Plaintiffs worked off the clock and the accurate number of hours of overtime they worked, if any, which prompted them to conclude that each of their interests would be better served through settlement rather than continued, expensive, and uncertain litigation.   (Doc. 43 at 3).

Like most settlements, this one is driven by the facts and the parties are much better informed than the Court is about the facts.   No badges of fraud or overreaching are apparent and the parties are represented by experienced attorneys.   Therefore, I see no reason to question the parties' judgment and find that the settlement amounts are reasonable.

The parties' Settlement Agreements do not contain all encompassing general releases or confidentiality agreements which this and other courts have rejected as uncompensated benefits to employers.

### B. Attorney's Fees

The parties represent that the attorney's fees and costs to be paid to Plaintiffs' counsel were negotiated separately from Plaintiffs' recoveries and without regard to the amounts of the settlement sums (Doc. 43, ¶ 19).   This is sufficient to establish the reasonableness of the fees and that Plaintiffs' recovery was not adversely affected by the amount of fees paid to their counsel.   See Bonetti v. Embarq Mgmt., Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

### III. Recommendation

Upon consideration of the foregoing, I find that the Settlement Agreements are fair and reasonable resolutions of bona fide disputes.   Therefore, I respectfully recommend that the Joint Motion for Approval of Settlement (Doc. 43) be **GRANTED** and the parties' Settlement Agreements be **APPROVED** by the district court.   Pursuant to the parties' request (Doc. 43 at 9), I also recommend that the Court enter an order **DISMISSING** this case **WITH PREJUDICE**.

Specific written objections to this report and recommendation may be filed in

accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen days after

service of this report and recommendation.   Failure to file timely objections shall bar the

party from a de novo determination by a district judge and from attacking factual findings

on appeal.

      **RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 5, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      Counsel of Record